**Alex Huaqiang LEO, Plaintiff–Appellant,**

v.

**GARMIN INTERNATIONAL, INC., Defendant–Appellee.**

No. 12–3213.

United States Court of Appeals, Tenth Circuit.

Jan. 2, 2013.

Alex Huaqiang Leo, Olathe, KS, pro se.

Rene L. Duckworth, Kerri Suzanne Reisdorff, Ogletree, Deakins, Nash, Smoak & Stewart, Megan K. Walawender, Constangy, Brooks & Smith, LLP, Kansas City, MO, for Defendant–Appellee.

Before HARTZ, MURPHY, and EBEL, Circuit Judges.

### ORDER AND JUDGMENT*

DAVID M. EBEL, Circuit Judge.

In a previous appeal, this court, acting pursuant to Fed. R.App. P. 38, ordered Plaintiff–Appellant Alex Huaqiang Leo to pay Defendant–Appellee Garmin International, Inc. ("Garmin") reasonable appellate attorney's fees as a sanction for pursuing a frivolous appeal. *Leo v. Garmin Int'l, Inc.,* 464 Fed.Appx. 744, 745–46 (10th Cir.2012) (unpublished). This court then remanded the case to the district court to determine "reasonable attorney's fees." *Id.* at 746. On remand, the district court awarded Garmin fees in the amount of $12,710.90. Leo appeals from that determination.

This court reviews the district court's determination of the amount of attorney's fees to be awarded for an abuse of discretion. *Cf. Centennial Archaeology, Inc. v. AECOM, Inc.,* 688 F.3d 673, 678 (10th Cir.2012) (reviewing amount of fees imposed as a sanction for discovery misconduct). On appeal, Leo does not argue that the district court abused its discretion in determining the amount of the fee award. And this court's own independent review of the fee award does not reveal any abuse of discretion. Therefore, we AFFIRM the district court's decision to award Garmin $12,710.90 in attorneys' fees.

---

* After examining the briefs and appellate record, this panel has determined unanimously that oral argument would not materially assist the determination of this appeal. See Fed. R.App. P. 34(a)(2) and 10th Cir. R. 34.1(G). The case is therefore ordered submitted without oral argument. This order and judgment is not binding precedent, except under the doctrines of law of the case, res judicata, and collateral estoppel. It may be cited, however, for its persuasive value consistent with Fed. R.App. P. 32.1 and 10th Cir. R. 32.1.